DWAYNE ALLEN WRIGHT

V.

COMMONWEALTH OF VIRGINIA

Record Nos. 920810 and 920811

November 4, 1994

Present: All the Justices

*Leonard R. Piotrowski (Michael S. Arif; Martin, Arif & Soloway*, on brief), for appellant.

*Robert Q. Harris, Assistant Attorney General (James S. Gilmore, III, Attorney General*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In the guilt phase of a bifurcated jury trial, a jury convicted Dwayne Allen Wright of two offenses of capital murder, to-wit: (1) the willful, deliberate, and premeditated killing of Saba Tekle in the commission of robbery while armed with a deadly weapon, in violation of Code § 18.2-31(4); and (2) the willful, deliberate, and premeditated killing of Tekle subsequent to attempted rape, in violation of Code § 18.2-31(5). In the penalty phase of the trial, the jury fixed Wright's punishment for the capital murders at death, based upon the "future dangerousness" predicate. Code § 19.2-264.2.

In the same trial, Wright was convicted of robbery, attempted rape, and use of a firearm in the commission of robbery, for which he received sentences of life imprisonment, ten years' imprisonment, and two years' imprisonment, respectively. All the convictions were for offenses that were part of a common transaction.

The trial court sentenced Wright in accord with the jury verdicts. We affirmed the trial court's judgments and the sentence of death. *Wright v. Commonwealth*, 245 Va. 177, 427 S.E.2d 379 (1993).

Wright petitioned the Supreme Court for a writ of certiorari, and, on June 20, 1994, in a summary disposition, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to this Court "for further consideration in light of *Simmons v. South Carolina*, 512 U.S. ___, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994)." *Wright v. Virginia*, ___ U.S. ___, 114 S.Ct. 2701 (1994). By order entered July 29, 1994, we placed this case on our September 1994 docket and directed counsel to brief and argue the question of what impact, if any, the *Simmons* decision has on Wright's conviction and sentence.

On appeal to this Court, Wright contended that the trial court erred in refusing to inform the jury about Virginia's laws regarding parole eligibility. *Wright*, 245 Va. at 197, 427 S.E.2d at 392. We rejected the contention, noting that we repeatedly had rejected the same contention in other capital murder cases. *Id.*

█ In *Simmons*, the Supreme Court held that, when "future dangerousness" is at issue in the sentencing phase of a capital murder case, the jury is entitled to be informed of the defendant's parole *ineligibility*. *Simmons*, 512 U.S. at ___, 114 S.Ct. at 2198. Therefore, in order for the *Simmons* decision to apply in the present case, Wright must have been ineligible for parole at the time he was before the sentencing jury.

█ To be ineligible for parole in Virginia, a defendant's criminal record must meet the test prescribed in Code § 53.1-151(B1), which provides as follows:

> Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole.

█ In the present case, the record shows that, in the state of Maryland, Wright previously had been convicted of first degree murder, attempted murder, and two firearms offenses.[1] Only the Maryland murder conviction is an offense designated in Code § 53.1-151(B1). Further, the Virginia capital murder and robbery with the use of a deadly weapon convictions may not be considered separately and counted as two predicate offenses under Code § 53.1-151(B1) because the offenses were part of a common transaction. Consequently, Wright's criminal record contained only two offenses that could have been taken into account for purposes of Code § 53.1-151(B1). Therefore, Wright was not ineligible for parole, and the *Simmons* decision does not affect Wright's capital murder conviction and death sentence.

Accordingly, we will reaffirm the trial court's judgment and reinstate the capital murder conviction and death sentence.[2]

*Affirmed.*

---

[1] Joint Appendix, pp. 1688 and 1705.

[2] We do not revisit the second question presented by Wright because it does not relate to the issue on remand. Therefore, our previous holding on that issue stands. *See Wright*, 245 Va. at 198, 427 S.E.2d at 393.