JUSTICE KOONTZ,
dissenting in part.
I respectfully dissent.
Today, for the first time, a majority of this Court concludes that by enacting Code § 18.2-31, our General Assembly has authorized the imposition of more than one death sentence for the capital murder of one victim. Indeed in the present cases, the majority concludes that Eric Christopher Payne is properly subject to the imposition of four death sentences for the capital murder of only two victims. I cannot join in such a patently strange result. Moreover, in my view, such a result was not intended and, consequently, was not authorized by our General Assembly in enacting Code § 18.2-31.
It is clear to me from our prior cases in which this issue was implicated that we have not permitted more death sentences to be imposed than there were victims. See Clagett v. Commonwealth, 252 Va. 79, 472 S.E.2d 263 (1996), cert. denied, 519 U.S. 1122 (1997) (vacating one sentence where five death sentences were imposed for murder of four victims); Williams v. Commonwealth, 248 Va. 528, 450 S.E.2d 365 (1994), cert. denied, 515 U.S. 1161 (1995) (affirming five convictions of capital murder of two victims, but only one death sentence imposed for each victim); Wright v. Commonwealth, 245 Va. 177, 427 S.E.2d 379 (1993), remanded on other grounds, 512 U.S. 1217, aff’d., 248 Va. 485, 450 S.E.2d 361 (1994), cert. denied, 514 U.S. 1085 (1995) (defendant convicted of two counts of capital *230 murder of one victim, but sentenced to one death penalty for both convictions); Buchanan v. Commonwealth, 238 Va. 389, 384 S.E.2d 757 (1989), cert. denied, 493 U.S. 1063 (1990) (reducing five death sentences to four where there were only four victims).
The majority correctly notes that the constitutional guarantee against multiple punishments for the same offense provided by the Fifth Amendment of the Federal Constitution is limited to assuring in a single trial setting that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.
I agree with the majority that the resolution of that issue in the present cases requires a determination of the legislative intent underlying Code § 18.2-31. I do not agree, however, that the language of that statute evinces the General Assembly’s intention that multiple punishments may be imposed for the killing of one person where more than one definition, or “offenses,” of capital murder is found to apply. See Gray v. State, 463 P.2d 897, 911 (Alaska 1970).
It is self-evident that there can be no more than one killing of the same person. Accordingly, it necessarily follows that the killing of one person in the commission of the robbery and rape of that person is still but one killing. Similarly, the killing of one person in the commission of the rape and object sexual penetration of that person is still but one killing. I have no difficulty in concluding the General Assembly has always been well aware of these simplistic truths. For that reason alone, I conclude that by enacting Code § 18.2-31, the General Assembly did not intend to authorize more death sentences than there are victims killed as a result of a defendant committing more than one of the enumerated “offenses” that “constitute capital murder.” In short, more than one offense defined in Code § 18.2-31 may constitute the capital murder of a person but there can only be one capital murder penalty for the murder of that person.
The real difficulty presented in these appeals is the appropriate remedy where two death sentences have been imposed for the capital murder of each victim. I agree with the majority that we should not “arbitrarily choose which one of the two sentences should be vacated” in each case and that “the Commonwealth should [not] be required to elect” which offense to have dismissed. Rather, I would apply the rationale of Wright and Williams and modify Payne’s sentences to impose a single death sentence upon the capital murder convictions for each victim. In doing so, the patently strange and *231 illogical result that would allow Payne to be sentenced to the penalty of four death sentences for killing two persons would be avoided.